FRANK D. UPCHURCH, Jr., Judge.
Michael Vitagliano appeals from an order denying relief under Florida Rule of Criminal Procedure 3.850.
*1151 In his pro se petition, Vitagliano alleges ineffective assistance of counsel at both the trial and appellate levels. As to his trial counsel, Vitagliano alleges a conflict of interest and claims that counsel did not devote sufficient time to the case.
Vitagliano does not allege any facts which establish a basis for his allegation of a conflict of interest. Further, he has not alleged any specific omissions on the part of trial counsel. Instead, Vitagliano only says that the Public Defender had numerous other clients and could not spend the time with him which was needed to set the ground work before trial. Vitagliano also alleges that counsel refused to honor his “specific request regarding trial tactics” but he does not say what tactics or defenses he requested which counsel neglected. These allegations are not sufficient. See Knight v. State, 394 So.2d 997, 1001 (Fla.1981); Daniels v. State, 450 So.2d 601 (Fla. 4th DCA 1984).
As to appellate counsel, Vitagliano again merely alleges that “numerous errors [were committed] at trial level” but that counsel failed to raise these issues on appeal. Vitagliano makes absolutely no attempt to specify any of these alleged errors. Such lack of specificity renders this allegation insufficient. The trial court was correct in summarily denying the petition. It was facially insufficient.
AFFIRMED.
COBB, C.J., and DAUKSCH, J., concur.